Eckert Seamans Cherin & Mellott, LLC      TEL    914 949 2909
10 Bank Street, Suite 700                 FAX    914 949 5424
White Plains, NY 10606                    www.eckertseamans.com

Kenneth J. Flickinger
Direct Dial: (914) 286-2817
kflickinger@eckertseamans.com

July 1, 2019

*Via ECF*

Hon. Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Izmirligil v. Select Portfolio Servicing, Inc.*
       *Case No.: 18-CV-07043 (PKC) (LB)*

Dear Judge Chen:

As you may recall, this office represents the defendant Select Portfolio Servicing, Inc. ("SPS"), in the above-referenced matter.  Please accept this correspondence as a response to pro se plaintiff Arif Izmirligil's ("Plaintiff") letter dated May 25, 2019, apparently seeking to amend the complaint to add a cause of action against me personally pursuant to New York Judiciary Law ("NYJL") § 487, based on alleged misstatements.  As set forth below, Plaintiff's request must be denied as the factual contentions lack evidentiary support, and are part of pro se Plaintiff's pattern of harassment, delay and needless litigation.

Pro se Plaintiff's letter dated May 25, 2019, raises two alleged grounds in support of his claim to add a cause of action against me personally. First, pro se Plaintiff alleges that I improperly argued for abstention in the reply memorandum of law in response to pro se Plaintiff's opposition to SPS' pre-answer motion to dismiss (the "Reply"). Second, he alleges that I misrepresented the status of pro se Plaintiff's default in the pending foreclosure action. Neither of these allegations support a claim pursuant to NYJL 487.

Pro se Plaintiff's default in the foreclosure action is a fact. Annexed hereto are copies of an order granting default judgment, an Appellate Division order affirming the default judgment, and the short form order subsequently granting an order of reference. Taken together, these orders unequivocally prove that Arif Izmirligil has been adjudicated in default in the foreclosure action. His request to amend the complaint to add a cause of action against me personally for advising the Court of this fact is frivolous pursuant to Rule 11 of the Federal Rules of Civil Procedure.

{V0574691.1}

*Re: Izmirligil v. Select Portfolio Servicing, Inc.*
*Case No.: 18-CV-07043 (PKC) (LB)*

Annexed hereto is a copy of the order of the Honorable Thomas F. Whelan, dated March 26, 2015, granting a default judgment against Arif Izmirligil. The March 26, 2015 order explicitly ordered "that default judgment is entered against defendants Arif Izmirligil…"

Izmirligil appealed the March 26, 2015 order. The New York State Supreme Court, Appellate Division, Second Department, reversed the March 26, 2015 order only to the extent an order of reference was granted in the absence of an attorney affirmation pursuant to Administrative Order of the Chief Administrative Judge 431/11.  The March 26, 2015 order was otherwise undisturbed. A copy of the Appellate Division Order dated November 30, 2016, is annexed hereto. The Appellate Division held:

> That the second order dated March 26, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an order of reference, and substituting therefore a provision denying that branch of the motion; as so modified, the order is affirmed insofar appealed from…

Based on the November 30, 2016 modification of the March 26, 2015 Order to delete that provision granting an order of reference, the foreclosing plaintiff moved again for an order of reference. The order of reference was granted in a short form order dated January 22, 2018. A copy of the January 22, 2018 Order is annexed hereto.  The long form order of reference has yet to be signed. Upon information and belief, the court is waiting to dispose of all pending motions before signing the long form order of reference.

Based on these orders, and the procedural history of the foreclosure action as set forth in the January 31, 2018 Flickinger Declaration in the related case bearing Case No.: 17-CV-06157, there can be no dispute that Izmirligil has been held in default in the foreclosure action, that an order granting default judgment against Izmirligil has been entered, and that Izmirligil has unsuccessfully moved to vacate his default on more than one occasion. His assertion that I misrepresented his default in the foreclosure action is contrary to the well-established record in the foreclosure action.

Pro se Plaintiff's refusal to acknowledge his well-documented default in the foreclosure action is one thing, but accusing me of perjury for reciting the procedural history of the foreclosure action is frivolous and warrants sanctions.

Pro se Plaintiff's other argument in his May 25, 2019 letter is that I argued abstention for the first time in the Reply. The argument was made based on pro se Plaintiff's opposition to the pre-answer motion to dismiss, which inappropriately devolved into an irrelevant tirade regarding the foreclosure action. I stand by the arguments in the Reply, which speak for themselves. In any event, advocacy does not rise to the level of a claim pursuant to NYJL § 487, which requires an attorney to be "guilty of any deceit or collusion…with the intent to deceive the court or any party."

*Re: Izmirligil v. Select Portfolio Servicing, Inc.*
*Case No.: 18-CV-07043 (PKC) (LB)*

*See Seldon v. Lewis Brisbois Bisgaard & Smith LLP*, 116 A.D.3d 490 (1st Dep't 2014) ("the court properly dismissed plaintiff's fraud and § 487 claims. Plaintiff's allegations do not amount to acts of deceit, and do not give rise to any inference that the defendant lawyers making the statements, which mainly consist of simple advocacy, acted with intent to deceive.").

It is respectfully submitted that pro se Plaintiff's proposed amendment would be futile as it would fail to state a claim pursuant to NYJL 487. The allegations that I misrepresented his default in the foreclosure action are demonstrably false. Pro se Plaintiff's conduct is improper and should not be countenanced.

Thank you for your attention to this matter.

Respectfully,

*/s/ Kenneth J. Flickinger*

Kenneth Flickinger, Esq.

cc.: Dr. Arif S. Izmirligil
   15 Sailors Court
   Miller Place, NY 11764

{V0574691.1}

MEMO DECISION & ORDER

ORIGINAL

INDEX No. 47361-09

SUPREME COURT - STATE OF NEW YORK
I.A.S. PART 33 - SUFFOLK COUNTY

PRESENT:

Hon. THOMAS F. WHELAN
Justice of the Supreme Court

MOTION DATES: 1/26/15
SUBMIT DATES: 1/30/15
Motion Seq. # 006 - MD
Motion Seq. # 007 - MD
Motion Seq. # 008 - MOTD
CDISP = No

---------------------------------------------X

THE BANK OF NEW YORK MELLON,

                                   Plaintiff,

        -against-

ARIF YZMIRLIGIL, BOARD OF MANAGERS
FOR SAILOR'S HAVEN HOMEOWNERS
ASSOCIATION CORP., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
as nominee for E-Loan Center, Inc., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., as nominee for PNC Mortgage Corp. of
America, JOHN DOE (said name being fictitious
it being the intention of plaintiff to designate any
and all occupants of premises being foreclosed
herein, and any parties, corporations or entities, if
any, having or claiming an interest or lien upon the
Mortgaged Premises),

                                   Defendants.

---------------------------------------------X

ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attys. For Plaintiff
10 Bank St. - Ste. 700
White Plains, NY 10606

ARIF YZMIRLIGIL
Defendant Pro Se
15 Sailors Court
Miller Place, NY 11764

    Upon the following papers numbered 1 to   54   read on the two separate motions by defendant Yzmirligil
(#006 & #007), respectively and the separate motion by the plaintiff (#008) for an order of reference on default ; Notice
of motion (#006) and supporting papers 1 - 4  ; Opposing papers 5-6  ; Reply papers  7-9  ; Memorandum of
Law  10-11   ; Separate [unsigned] Notice of motion (#007) and supporting papers  12-14  ; Opposing papers
15-16  ; Reply papers  17-18  ; Memorandum of Law  19-21  ; Separate Notice of motion (#008) and supporting
papers  22-24, 25-26 (Affidavit)  ; Opposing papers [entitled "Notice of Rejection"] 27-28  ; Reply papers  29-30  ;
Memorandum of Law  31-32, 33-34  ; Other Papers [Not Considered: Duplicate signed Notice of Motion and supporting
papers for reusual order (007)]   it is,

    ORDERED that the defendant Yzmirligil's motion (#006) for an order dismissing the complaint
as abandoned pursuant to CPLR 3215(c) or by reason of fraud and for cancellation of the notice of
pendency is considered under CPLR 3215(c) and CPLR Article 65 and it is denied; and it is further

Bank of New York Izmirligil *et. al.*,
Index No. 47361-09
Page 2

ORDERED that the separate motion (#007) by defendant Izmirligil for an order of this court recusing it from presiding further over this action is denied; and it is further

ORDERED that the separate motion (#008) by the plaintiff for default judgments on its complaint against the defendants served with process, including the one served as John Doe, together with an order appointing a referee to compute is granted only with respect to claim for foreclosure and sale set forth in the First cause of action in the complaint and is denied with respect to the Second cause of action for declaratory relief; and it is further

ORDERED that the Second cause of action is hereby severed from the First cause of action, which First cause of action shall alone continue herein, and any final judgment of foreclosure and sale entered on the First cause action shall reflect the severance of the Second cause of action as directed herein.

In this mortgage foreclosure action, the obligor/mortgagor defendant, Arif Izmirligil, moves for an order dismissing the complaint as abandoned pursuant to CPLR 3215(c) and on grounds of fraud. This defendant further moves for the recusal of this court, which relief was the subject of a prior motion by him that was denied by order dated May 20, 2014. A separate motion by the plaintiff for an order appointing a referee to compute upon the default asll defendants in answering and for the identification of a party served as an unknown is also pending before the court.

First considered is the motion (#006) by defendant Izmirligil to dismiss the complaint and to cancel the notice of pendency recently filed, as the court's determination thereof which may render the other two applications, academic. For the reasons stated, this motion is denied.

CPLR 3215(c) requires that a plaintiff commence proceedings for the entry of a default judgment within one year after the default or demonstrate sufficient cause why the complaint should not be dismissed. Where the plaintiff has made an application to the court for the entry of a default judgment within one year of the defendant's default, even if unsuccessful, the court may not later dismiss the complaint as abandoned pursuant to CPLR 3215(c) (*see Jones v Fuentes*, 103 AD3d 853, 962 NYS2d 263 [2d Dept 2013]; *see also Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 975 NYS2d 121 [2d Dept 2013]; *Norwest Bank Minnesota, N.A. v Sabloff*, 297 AD2d 722, 747 NYS2d 559 [2d Dept 2002]; *Brown v Rosedale Nurseries, Inc.*, 259 AD2d 256, 686 NYS2d 530 [2d Dept 1999]; *Home Sav. of Am., F.A. v Gkanios*, 230 AD2d 770, 646 NYS2d 530 [2d Dept 1996]). In mortgage foreclosure actions, plaintiffs may not be deemed to have abandoned their foreclosure action under CPLR 3215(c) when they take "the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference under RPAPL 1321[1] within the one year time period imposed by the statute" (*Klein v Cyprian Prop., Inc.*, 100 AD3d 711, 954 NYS2d 170 [2d Dept 2012]; *see Home Sav. of America, F.A. v Gkanios*, 230 AD2d 770, *supra*).

The Appellate Division, Second Department has instructed that in cases wherein no motion is interposed within the one year time limitation period, avoidance of a dismissal of the complaint as abandoned requires the plaintiff to offer a reasonable excuse for the delay in moving for leave to enter a default judgment and timel demonstrate a potentially meritorious cause of action (*see Giglio v*

Bank of New York v Izmirligil et. al.,
Index No. 47361-09
Page 3

*NITMP, Inc.*, 86 AD3d 301, 308, 926 NYS2d 546 [2d Dept 2011]; *see also Kolb v Tri-State Hardwoods, Ltd.*, 92 AD3d 642, 937 NYS2d 665, 866 [2d Dept 2012]; *115-41 St. Albans Holding Corp. v Estate of Harrison*, 71 AD3d 653, 894 NYS2d 896 [2d Dept 2010]; *Cygan Sheetmetal Prods., Inc. v B.R. Fries & Assos., Inc.*, 83 AD3d 645, 919 NYS2d 873 [2d Dept 2011]; *First Nationwide Bank v Pretel*, 240 AD3d 629, 659 NYS2d 291 [2d Dept 1997]). In addition, appellate cases authorities have established that a moving defendant's failure to show prejudice by the plaintiff's delay in moving for the default may tip the balance in favor of a finding of sufficient cause to excuse the delay provided an explanation of the delay is advanced which evinces no intent to abandon the action and a meritorious cause of action is shown to exist (*see LNV Corp. v Forbes*, 122 AD3d 805, 996 NYS2d 696, [2d Dept 2014]; *Brooks v Somerset Surgical Assoc.*, 106 AD3d 624, 966 NYS2d 65 [2d Dept 2013]; *Lazarides v Torres*, 98 AD3d 892, 950 NYS2d 703 [1st Dept 2012]; *LaValle v Astoria Constr. & Paving Corp.*, 266 AD2d 28, 697 NYS2d 605 [1st Dept 1999]; *Hindv v 2461 Realty Corp.*, 169 AD2d 629, 632, 564 NYS2d 763 [1st Dept 1991]). Delays attributable to the parties' engagement in mandatory settlement conference procedures, or in litigation communications, discovery, motion practice and other pre-trial proceedings have been held to negate any intention to abandon the action and are thus excusable under CPLR 3215(c) (*see Brooks v Somerset Surgical Assocs.*, 106 AD3d 624, *supra*; *Lazarides v Torres*, 98 AD3d 892, *supra*).

Here, the record reveals that the plaintiff did not undertake the preliminary step toward obtaining a default judgment of foreclosure and sale by moving for an order of reference under RPAPL 1321(1) within the one year time period imposed by the statute. However, the plaintiff has demonstrated, in its opposing papers, that sufficient cause exists for the delay within the contemplation of CPLR 3215(c) due to its engagement in a plethora of litigation activities from which an intent not to abandon its claims for foreclosure and sale is discernable.

The record reveals that the plaintiff commenced this action by filing its summons and complaint with the Clerk on November 30, 2009. The mortgage at issue is one in excess of one million dollars given by the defendant mortgagor, Arif Izmirligil, in July of 2006. The default in payment of monthly amounts due for interest and principal under the note and mortgage occurred on May 1, 2009 and such default continues to date. On December 3, 2009, defendant Izmirligil was served, pursuant to CPLR 308(1), with process bearing the statutorily required notices and warnings and the complaint. Defendant Izmirligil defaulted in timely answering or otherwise appearing in response to such service.

In February of 2010, defendant Izmirligil moved to vacate his default and for leave to serve a late answer. By order dated July 16, 2010, this court denied the motion (#001). The defendant then moved (#002) for leave to renew and reargue his original motion. On September 22, 2010, this court denied the renewal and reargument motion, after which, defendant Izmirligil challenged both orders by taking appeals therefrom. By order dated October 25, 2011, the Appellate Division, Second Department rejected the defendant's claims of error and affirmed both orders of this court (*see Mellon v Izmirligil*, 88 AD3d 930, 931 NYS2d 667 [2d Dept 2011]). The default in answering of defendant Izmirligil, which was admitted in his original moving papers and judicially confirmed in three orders, thus stands as fixed and determined for all purposes in this action.

Bank of New York v Izmirligil et al.,
Index No. 47361-09
Page 4.

Thereafter, defendant Izmirligil filed suit against the plaintiff in federal court (N.Y.E.D. CV11-5591) charging it with wrongful foreclosure of the subject mortgage by its institution of this action and with deceptive practices in the origination of the loan and violations of the Fair Debt Collection Practices Act. All of these claims were dismissed upon motion of the plaintiff by order dated April 15, 2013 (see Memorandum & Order of the Honorable Leonard D. Wexler, District Court Judge, attached as Exhibit A to the plaintiff's reply papers).

In September of 2013, the plaintiff moved (#003) for an order excusing it from having to comply with certain administratively imposed "vaulting requirements" which motion was vigorously opposed by defendant Izmirligil. That motion was granted by order of this court dated January 28, 2014 (see Bank of New York Mellon v Izmirligil, 43 Misc3d 409, 980 NYS2d 733 [Sup. Ct. Suffolk County 2014]). Following a substitution of counsel for the plaintiff that occurred in April of 2014, defendant Izmirligil moved to have this court recuse itself, which motion was denied by order dated May 20, 2014.

Defendant Izmirligil took an appeal from both the May 20, 2014 order and the January 14, 2014 order by service of an Amended Notice of Appeal dated July 22, 2014, and moved in the Appellate Division for a stay of this action. That motion was denied by order dated September 19, 2014. On December 10, 2014, the plaintiff interposed its motion (#008) for an order of reference upon default which is decided herein, while defendant Izmirligil filed the two separate motions (#007 & #006) - likewise decided herein - in separate submissions filed on January 6, 2015 and January 16, 2015, respectively.

Based upon its review of the record, the court finds that the plaintiff has effectively demonstrated sufficient cause for the delay in moving for an order of reference within the contemplation of CPLR 3215. In its opposing papers, the plaintiff established that such delay is excusable in light of the plaintiff's conduct in engaging in the multitude of motions, appeals and other litigation exchange with defendant Izmirligil in this action and in the federal action commenced by the defendant. An intention not to abandon the plaintiff's claim for foreclosure and sale is clearly discernable from these proceedings and from the filing of successive notices of pendency which the plaintiff has undertaken in accordance with CPLR 6516. In addition, the plaintiff established the meritorious nature of its claim for foreclosure and sale against defendant Izmirligil, whose default in answering was first fixed in the order dated July 16, 2010 and a total absence of prejudice by the plaintiff's continued prosecution of its claim against him. For these reasons, the court denies those portions of the defendants' motion for dismissal of the complaint pursuant to CPLR 3215(c).

The remaining portions of defendant Izmirligil's motion to dismiss the complaint (#006), which are premised on grounds of fraud and other alleged improper conduct, are also denied. Defendant Izmirligil's defensive claim of fraud in the underlying transaction by the original lender, if cognizable (see Jadun Homes at Bellmore v Dyverts, 25 NY2d 1112, 119, 302 NYS2d 799 [1969]; cf., Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183, 451 NYS2d 663, 667 [1982]), was waived by his failure to raise it in either a timely motion to dismiss or by answer and by other post transactional conduct (see CPLR 3018[b]; Confidential Lending, LLC v Nurse, 120 AD3d

Bank of New York v Izmirligil, et al.,
Index No. 47361-08
Page 5

739, 992 NYS2d 77 [2d Dept 2014]; *Feinstein v Levy*, 121 AD2d 499, 503 NYS2d 821 [2d Dept 1986]), thereby leaving him without a viable claim for dismissal on such grounds. Nor is defendant Izmirligil possessed of procedurally proper or substantively meritorious grounds for dismissal due to the plaintiff's purported lack of standing or its engagement in purported acts of intrinsic or extrinsic fraud during the course of this litigation as these claims have previously been adjudicated as lacking in both procedural and substantive merit by prior order of this court (*see Bank of New York Mellon v Izmirligil*, 43 Misc3d 409, 980 NYS2d 733 [Sup. Ct. Suffolk County 2014]).

The defendant's further demand for cancellation of the notice of pendency is denied. RPAPL § 1331 requires that a notice of pendency must be filed at least 20 days prior to judgment. A lapse in the effectiveness of a notice of pendency is not a jurisdictional defect and a foreclosing plaintiff is statutorily authorized to file successive notices of pendency in a mortgage foreclosure action even after the lapse of prior filed notice (*see* CPLR 6516; *Maspeth Federal Sav. and Loan Ass'n v Sloup*, 123 AD3d 672, 998 NYS2d 409 [2d Dept 2014]). The defendant's demands for cancellation of the notice of pendency and any all concomitant demands for a dismissal of the complaint on that basis or any others are rejected as unmeritorious. Defendant Izmirligil's motion (#006) is thus denied.

Next considered is the separate motion (#007) by defendant Izmirligil in which he asks this court to recuse itself from further presiding over any further proceedings in this action. This is the second application for this relief advanced by defendant Izmirligil as the first was denied by order of this court dated May 20, 2014. The court declines to address the merits of the defendant's re-assertion of grounds previously advanced by him on his prior motion (#005). To the extent that the instant motion for recusal is premised upon events and circumstances occurring after the interposition of the first motion, it is denied as this court finds that it can reach an impartial notwithstanding occurrence of any such subsequent events and/or circumstances. Neither the defendant's filing of a suit in federal court against the undersigned nor the recent newspaper articles and media reports relied upon by the defendant in support this second motion for recusal provide any basis in law or fact for the granting of such motion (*see* Advisory Committee on Judicial Ethics, Opinion 14-121; *TOA Constr. Co., Inc. v Tsitsires*, 54 AD3d 109, 861 NYS2d 335 [1st Dept 2008]; purported facts gleaned from newspaper articles provide no basis for judicial findings nor do they constitute matters for which judicial notice may be taken; *Cheng Min Mun v Soung Eun Hong*, 109 AD3d 732, 971 NYS2d 293 [1st Dept 2013]; *Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 403, 873 NYS2d 148 [2d Dept 2009]; "statement in a newspaper article, did not constitute competent evidence"; *Platovsky v City of New York*, 275 AD2d 699, 713 NYS2d 358 [2d Dept 2000]; content of newspaper articles constitute inadmissible hearsay; *Young v Fleary*, 226 AD2d 454, 640 NYS2d 593 [2d Dept 1996]; "Specifically, the newspaper article submitted by the plaintiff in opposition to the respondents' motion for summary judgment constituted inadmissible hearsay"). The defendant's motion (#007) is thus denied.

Left for determination is the plaintiff's motion (#008) for an order of reference on default and for an order identifying the person served as John Doe to be "Jane Doe" and for the deletion of all other unknown defendants. It is well settled law that a party moving for a default judgment must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (*see* CPLR 3215[f]; *Woodson v Mendon*

of New York v Izmirligil et al.,
No. 47361-09
Page 6.

Leasing Corp., 100 NY2d 62, 71, 760 NYS2d 727 [2003]; Todd v Green, 122 AD3d 831, 997 NYS2d 155 [2d Dept 2014]; U.S. Bank Natl. Assn. v Razon, 115 AD3d 739, 981 NYS2d 571, 572 [2d Dept 2014]; Diederich v Wetzel, 112 AD3d 883, 979 NYS2d 605 [2d Dept 2013]; Loskn v Guzman, 111 AD3d 608, 609, 974 NYS2d 282 [2d Dept 2013]; Green Tree Serv., LLC v Cary, 106 AD3d 691, 692, 965 NYS2d 511 [2d Dept 2013]; Dupps v Betancourt, 99 AD3d 855, 952 NYS2d 586 [2d Dept 2012]).

In the mortgage foreclosure arena, a claim for foreclosure is further governed by RPAPL § 1321 and appellate case authorities. Pursuant thereto the claim is established by the plaintiff's production of the note and mortgage together with evidence of default in payment or a default in other obligations giving right to the remedy of foreclosure and sale which the mortgagor willingly conferred upon the lender in exchange for the advancement of the mortgage loan moneys (see One West Bank, FSB v DiPilato, 124 AD3d 735, 998 NYS2d 668 [2d Dept 2015]; U.S. Bank Natl. Assn. v Razon, 115 AD3d 739, supra). Here, the moving papers sufficiently established the plaintiff's entitlement to an order of reference upon default as it included the proof of service of the summons and complaint, defaults in answering on the part of the mortgagor defendant and all other defendants joined herein by service of the summons and complaint and the existence of facts that constitute the plaintiff's possession of viable claims for foreclosure and sale as required by RPAPL § 1321 and CPLR 3215(f) (see Citimortgage, Inc. v Chow Ming Tung, ___ AD3d ___, 2015 WL 1213591 U.S. Bank Natl. Assn v Poku, 118 AD3d 980, 989 NYS2d 75 [2d Dept 2014]; U.S. Bank Natl. Assn. v Razon, 115 AD3d 739, supra; Green Tree Serv., LLC v Cary, 106 AD3d 691, supra; King v King, 99 AD3d 672, 951 NYS2d 565 [2d Dept 2012]; Integon Natl. Ins. Co. v Noterile, 88 AD3d 654, 930 NYS2d 260 [2d Dept 2011]).

That the plaintiff here, has no obligation to establish its standing to maintain this action is clear as it is now well established that the issue of a foreclosing plaintiff's standing is not an element of its claim unless a due and timely defense of standing is asserted by a defendant possessed of such defense (see One West Bank, FSB v DiPilato, 124 AD3d 735, 998 NYS2d 668 [2d Dept 2015]; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 996 NYS2d 130 [2d Dept 2014]; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 986 NYS2d 843 [2d Dept 2014]; Bank of New York v McCall, 116 AD3d 993, 985 NYS2d 255 [2d Dept 2014]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 837 NYS2d 247 [2d Dept 2007]). As outlined above, the issue of the plaintiff's standing was never put in issue by the due and timely service of an answer or otherwise.

To successfully defeat the plaintiff's motion, defendant Izmirligil was required to advance a valid jurisdictional or abandonment defense (see Schwartz v Reisman, 112 AD3d 909, supra; U.S. Bank N.A. v Gonzalez, 99 AD3d 694, 694-695; supra; McGee v Dunn, 75 AD3d 624, 625, 906 NYS2d 74 [2d Dept 2010]), as his right to vacate his default was lost by his unsuccessful appeal of the orders of this court denying that relief (see Mellon v Izmirligil, 88 AD3d 930, supra). A review of the opposing papers submitted by the defendant reveals a failure to demonstrate any jurisdictional or abandonment defenses for the reasons outlined above.

Bank of New York v Izmirligil *et. al.*,
Index No. 47361-09
Page 7.

The plaintiff is thus entitled to a default judgment against defendant Izmirligil and the person served as "John Doe and all of the other defendants joined as parties to the plaintiff's pleaded claim for foreclosure and sale which is advanced in the First cause of action set forth in the complaint. The plaintiff is further awarded the relief requested CPLR 1024 and the appointment of a referee to compute pursuant to RPAPL § 1321.

However, the moving papers failed to address, let alone establish, the plaintiff's possession of cognizable claims for the relief demanded in its Second cause of action, namely, a judgment pursuant to RPAPL Article §1501 declaring the invalidity and extinguishment of a prior mortgage lien allegedly held or owned by defendant Mortgage Electronic Registration Systems Inc., [MERS] as nominee of defendant, PNC Mortgage Corp. of America. The complaint is devoid of factual allegations from which cognizable claims for this declaratory relief are discernable and none were advanced in the moving papers (see CPLR 3153[f]; RPAPL Article 15; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71, supra). The plaintiff is thus not entitled to an order fixing the defaults of the MERS defendant nor PNC Bank who are the targets of the plaintiff's Second cause of action for declaratory relief extinguishing their prior liens. The Second cause of action is thus severed from the First cause of action, which alone shall continue herein. Any final judgment of foreclosure and sale entered on the First cause action shall reflect the severance of the Second cause of action directed herein.

Proposed Order appointing referee to compute, as modified by the court, has been signed simultaneously herewith.

DATED: March 26, 2015

THOMAS F. WHELAN, J.S.C.

ORIGINAL

At an IAS Term, Part 33 of the Supreme
Court of the State of New York, County of
Suffolk held at the
Courthouse thereof, 1 Court Street,
Riverhead, New York on the 26 day of
_____, 2015.

PRESENT: HON. THOMAS F. WHELAN, J.S.C.

Mot. Seq. 008: MG
(See Mem Dec & Order)

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR CHASE
MORTGAGE FINANCE TRUST SERIES 2006-S2,

Index No.: 47361/2009

                                    Plaintiff,

        -against-

ARIF IZMIRLIGIL, BOARD OF MANAGERS FOR
SAILOR'S HAVEN HOMEOWNERS ASSOCIATION
CORP., MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR E-LOAN
CENTER, INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
PNC MORTGAGE CORP. OF AMERICA,

ORDER OF REFERENCE

Foreclosure of:
15 Sailors Court
Miller Place, New York 11764

JOHN DOE (Said name being fictitious, it being the
intention of Plaintiff to designate any and all occupants of
premises being foreclosed herein, and any parties,
corporations or entities, if any, having or claiming an
interest or lien upon the mortgaged premises,),

                                    Defendants.

UPON review of the Notice of Motion dated December 9, 2014, the Summons,
Complaint and Notice of Pendency filed in this action on November 30, 2009, and upon the
Affirmation of David V. Mignardi, Esq., of Rosicki Sanguano Chacin & Mellott, LLC, counsel for
Plaintiff, dated December 9, 2014, the Memorandum of Law dated December 9, 2014, and the
Affidavit of Kathy Williams, who is a Document Control Officer employed by Select Portfolio
Servicing, Inc., Plaintiff's servicer and attorney-in-fact pursuant to a duly-executed Power of

Attorney, which Affidavit of KaJay Williams was sworn to the 20th day of November, 2014, and it appearing from the foregoing that this action was brought to foreclose a note and mortgage on real property situated in the County of Suffolk, State of New York located at 15 Sailors Court, Miller Place, New York 11764 (Section: 9; Block: 3; Lot: 4.01) by reason of certain defaults as alleged in the Complaint, and it further appearing that all Defendants have been duly served with a copy of the Summons and Complaint, copies of the affidavits of service which were filed with the Clerk of this Court and annexed to Plaintiff's Motion for, inter alia, an Order of Reference, and the time to respond to Plaintiff's Complaint has expired and such time was not extended, and all Defendants have defaulted in their pleading, and no Answer or objection to the Complaint has been timely served or filed; and it appearing that no Defendant is an infant, incompetent, or absentee, or was or is in the military, and, that since the filing of the Notice of Pendency on November 30, 2009, the Complaint has not been amended in any manner whatsoever and no new Defendants have been added; on the pleadings and papers heretofore filed herein, and no one appearing in opposition hereto

NOW, on the motion of Bolont Seamans Cherin & Mellott, LLC, attorneys of record for the Plaintiff, it is

ORDERED, that Plaintiff's motion is granted in its entirety; and it is further

ORDERED, that default judgment is entered against defendants Arif Izzuddigil, Board of Managers for Sailor's Haven Homeowners Association Corp., Mortgage Electronic Registration Systems Inc. as Nominee for B-Loan Center, Inc., Mortgage Electronic Registration Systems Inc. as Nominee for PNC Mortgage Corp. of America, and "Jane Doe"; and it is further

ORDERED, that this action be, and the same is hereby referred to _____ with an address of _____
telephone number _____ as Referee to ascertain and compute the amount due to the Plaintiff herein for principal, interest, water and sewer fees, insurance premiums,

taxes, and other disbursements advanced as provided for by statute and in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises should be sold in parcels, and that the Referee make his/her report to the Court with all convenient speed; and it is further

ORDERED, that upon submission of the Referee's Report, Plaintiff shall pay $ _____ to the Referee as compensation for his/her services, which sum may be recouped as a cost of litigation; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that by accepting this appointment the Referee certifies that he/she is in compliance with Part 26 of the Rules of the Chief Judge (22 NYCRR Part 36), including but not limited to, Section 36.2(c) ("Disqualifications from appointment"), and Section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, that the caption of this action be amended by substituting "Jane Doe" as a party defendant in place and stead of "John Doe" without prejudice to any of the proceedings heretofore had or to be had herein, it is further

ORDERED, that the caption of this action as amended, shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR CHASE      Index No.: 47361/2009
MORTGAGE FINANCE TRUST SERIES 2006-S2,

                                      Plaintiff,

                    -against-

ARIF IZMIRLIGIL, BOARD OF MANAGERS FOR
SAILOR'S HAVEN HOMEOWNERS ASSOCIATION
CORP., MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR E-LOAN
CENTER, INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
PNC MORTGAGE CORP. OF AMERICA, "JANE
DOE",

                                      Defendants.

; and it is further

        ORDERED that on the filing of the Referee's Report and Oath, and upon confirmation
thereof, Plaintiff, without further notice, shall have final Judgment of Foreclosure and Sale and
such other relief as the Court deems just, together with costs, disbursements, and allowances as
permitted by law; and it is further

        ORDERED, that a copy of this Order with Notice of Entry shall be served upon the
designated Referee, the owner of the equity of redemption, any tenants named in this action and
any other party entitled to notice within twenty (20) days of entry and no less than thirty (30)
days prior to any hearing before the Referee. The Referee shall not proceed to take evidence as
provided herein without proof of such service, which proof must accompany any application for
Final Judgment of Foreclosure and Sale.

        Dated:                                                    ENTER

                         GRANTED
                         MAR 26 2015                      HON. THOMAS F. WHELAN, J.S.C.
                         JUDITH A. PASCALE
                         Clerk of Suffolk County



144 A.D.3d 1067, 44 N.Y.S.3d
44, 2016 N.Y. Slip Op. 08034

**\*1  Bank of New York Mellon, Formerly
Known As The Bank of New York, as
Trustee for Chase Mortgage Finance
Trust Series 2006-S2, Respondent,

v

Arif Izmirligil, Appellant, et al., Defendants.

Supreme Court, Appellate Division,
Second Department, New York

2015-07544, 2015-07545, 47361/09

November 30, 2016

CITE TITLE AS: Bank of N.Y. Mellon v Izmirligil

### HEADNOTES

Mortgages
Foreclosure

Judgments
Default Judgment

David L. Singer, P.C., Melville, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains,
NY (David V. Mignardi of counsel), for respondent.

In an action, inter alia, to foreclose a mortgage, the
defendant Arif Izmirligil appeals, as limited by his brief,
from (1) so much of an order of the Supreme Court,
Suffolk County *1068 (Whelan, J.), dated March 26,
2015, as granted those branches of the plaintiff's motion
which were for leave to enter a default judgment against
him upon his failure to appear or answer the complaint
and for an order of reference, denied that branch of his
cross motion which was pursuant to CPLR 3215 (c) to
dismiss the complaint insofar as asserted against him as
abandoned, and denied his motion for recusal, and (2) so
much of an order of the same court, also dated March 26,
2015, as granted those branches of the plaintiff's motion
which were for leave to enter a default judgment against
him upon his failure to appear or answer the complaint
and for an order of reference.

Ordered that the appeal from so much of the first
order dated March 26, 2015, as denied the motion of
the defendant Arif Izmirligil for recusal is dismissed as
academic; and it is further,

Ordered that the appeal from so much of the first order
dated March 26, 2015, as granted those branches of the
plaintiff's motion which were for leave to enter a default
judgment against the defendant Arif Izmirligil upon his
failure to appear or answer the complaint and for an order
of reference is dismissed, as those portions of the order
were superseded by the second order dated March 26,
2015; and it is further,

Ordered that the first order dated March 26, 2015, is
affirmed insofar as reviewed; and it is further;

Ordered that the second order dated March 26, 2015, is
modified, on the law, by deleting the provision thereof
granting that branch of the plaintiff's motion which
was for an order of reference, and substituting therefor
a provision denying that branch of the motion; as so
modified, the order is affirmed insofar as appealed from,
and so much of the first order dated March 26, 2015, as
granted that branch of the plaintiff's motion which was for
an order of reference is vacated; and **\*2  it is further,

Ordered that one bill of costs is awarded to the appellant.

In 2009, the plaintiff commenced this action to foreclose
a mortgage executed by the defendant Arif Izmirligil
(hereinafter the defendant) to secure a note in the principal
sum of $1.1 million. On a prior appeal, this Court affirmed
an order denying the defendant's motion pursuant to
CPLR 5015 (a) (1) to vacate his default in appearing
or answering the complaint (*see Bank of N.Y. Mellon v
Izmirligil*, 88 AD3d 930 [2011]). Thereafter, the plaintiff
moved, inter alia, for leave to enter a default judgment
against the defendant and for an order of reference. The
defendant cross-moved, inter alia, pursuant to CPLR 3215
(c) to dismiss the complaint insofar as asserted against him
as abandoned. The Supreme Court granted those *1069
branches of the plaintiff's motion and denied that branch
of the defendant's cross motion.

The failure to timely seek a default on an unanswered
complaint or counterclaim may be excused if "sufficient
cause is shown why the complaint should not be
dismissed" (CPLR 3215 [c]). This Court has interpreted

Bank of N.Y. Mellon v Izmirligil, 144 A.D.3d 1067 (2016)
44 N.Y.S.3d 44, 2016 N.Y. Slip Op. 08034

this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious (*see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d 793 [2016]; *Giglio v NTIMP, Inc.*, 86 AD3d 301, 308 [2011]). The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court (*see Whiteside v Manfredi*, 132 AD3d 851 [2015]; *Giglio v NTIMP, Inc.*, 86 AD3d at 308; *Butindaro v Grinberg*, 57 AD3d 932 [2008]). Here, the plaintiff showed a reasonable excuse for the delay and a potentially meritorious cause of action. Thus, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned (*see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d at 794; *Countrywide Home Loans, Inc. v Brown*, 19 AD3d 638 [2005]; *Bank of N.Y. v Gray*, 228 AD2d 399 [1996]; *cf. Ohio Sav. Bank v Decaudin*, 129 AD3d 925 [2015]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749 [2014]).

The plaintiff demonstrated its prima facie entitlement to a default judgment against the defendant by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's default in answering the complaint (*see* CPLR 3215 [f]; *HSBC Bank USA, N.A. v Traore*, 139 AD3d 1009, 1011 [2016]; *Deutsche Bank Natl. Trust Co. v Patrick*, 136 AD3d 970, 971 [2016]). The defendant contends that the plaintiff failed to demonstrate its prima facie entitlement to a default judgment by submitting proof of the facts constituting the claim (*see* CPLR 3215 [f]) since its agent had no personal knowledge of when the note came into the plaintiff's possession. Contrary to the defendant's contention, since he defaulted in appearing or answering the complaint and failed to demonstrate grounds for vacating his default, he is precluded from asserting, in essence, the plaintiff's lack of standing as a defense. Accordingly, it was unnecessary for the plaintiff to demonstrate that it had standing to commence this action in order to establish its entitlement *1070 to a default judgment (*see US Bank N.A. v Dorestant*, 131 AD3d 467, 470 [2015]).

" 'To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense' " (*id.* at 470, quoting *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]). The defendant does not dispute that there was a default, and this Court's determination on the prior appeal that he failed to establish a reasonable excuse for his default (*see Bank of N.Y. Mellon v Izmirligil*, 88 AD3d at 931) constitutes the law of the case (*see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC*, 134 AD3d 683, 684 [2015]). Absent a showing of subsequent evidence or change of law, or extraordinary circumstances warranting a departure from the law of the case—none of which is present here—the defendant is precluded from having this issue reconsidered (*see Congel v Malfitano*, 141 AD3d 64, 70 [2016]).

Although the plaintiff demonstrated its entitlement to an order of reference by producing the mortgage, the unpaid note, and evidence of the defendant's default thereunder (*see Loancare v Carter*, 139 AD3d 817, 818 [2016]; **3 *Deutsche Bank Natl. Trust Co. v Otano*, 129 AD3d 770, 771 [2015]), the failure of its counsel to file with the Supreme Court an affirmation confirming the accuracy of the plaintiff's pleadings as required by Administrative Order AO/431/11 of the Chief Administrative Judge of the Courts warranted denial of that branch of its motion which was for an order of reference (*see Bank of N.Y. Mellon v Izmirligil*, 144 AD3d 1063 [2016] [decided herewith]; *Wells Fargo Bank, N.A. v Hudson*, 98 AD3d 576, 578 [2012]).

We dismiss the appeal from so much of the first order dated March 26, 2015, as denied the defendant's motion for recusal in light of the defendant's representation that the denial of his recusal motion "is now moot and need not be considered by this Court." Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur. **[Prior Case History: 2015 NY Slip Op 30641(U).]**

Copr. (C) 2019, Secretary of State, State of New York

SHORT FORM ORDER

## SUPREME COURT  -  STATE OF NEW YORK

Present:   ANTONIO I. BRANDVEEN
                         J. S. C.

---

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR CHASE MORTGAGE FINANCE TRUST SERIES 2006-S2, | TRIAL / IAS PART 27 NASSAU COUNTY |

Index No. 47361/09

                                               Plaintiff,

Motion Sequence No. 021, 022,
                                         023, 024, 025

          -  against  -

ARIF IZMIRLIGIL, BOARD OF MANAGERS
FOR SAILOR'S HAVEN HOMEOWNERS
ASSOCIATION CORP., MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR E-LOAN CENTER,
INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR PNC MORTGAGE CORP. OF
AMERICA, "JANE DOE",

                                               Defendant.

---

The following papers having been read on this motion:

| | |
|---|---|
| Notice of Motion, Affidavits, & Exhibits | 1, 2, 3, 4, 5 |
| Answering Affidavits | 6, 7 |
| Replying Affidavits | |
| Briefs: Plaintiff's / Petitioner's | 8, 9, 10, 11 |
| Defendant's / Respondent's | 12 |

The motions by the defendant Arif Izmirligil and the plaintiff (motion sequence

numbers 021, 022, 023, 024, 025) are consolidated for disposition and decided as follows.

The plaintiff filed this action in 2009 to foreclose a mortgage executed by the defendant to secure a $1.1 million note. The defendant defaulted (*Bank of N.Y. Mellon v Izmirligil*, 88 A.D.3d 930, 931, 931 N.Y.S.2d 667 [2011]). The remaining procedural history of the underlying mortgage foreclosure action was detailed in several decisions and orders by the Supreme Court, Tenth Judicial District, Suffolk County and the Appellate Division of the Supreme Court, Second Judicial Department. The matter was assigned to this Court pursuant to administrative order 288/2016, and a hearing was subsequently held followed by the parties' related papers.

The Second Department ruled, in this matter:

> The defendant does not dispute that there was a default, and this Court's determination on the prior appeal that he failed to establish a reasonable excuse for his default constitutes the law of the case. Absent a showing of subsequent evidence or change of law, or extraordinary circumstances warranting a departure from the law of the case—none of which is present here—the defendant is precluded from having this issue reconsidered [citations omitted]

(*Bank of New York Mellon v. Izmirligil*, 144 A.D.3d 1067, 44 N.Y.S.3d 44 ([2d Dept 2016]), *appeal withdrawn*, 29 N.Y.3d 941, 73 N.E.3d 845 [2017])

The defendant/third-party plaintiff moves (Sequence 021) for an order (1) granting a new trial pursuant to CPLR 4403 and pursuant to CPLR 3408(a)-(m) and further to reject the referee's report in the 2009 action; (2) to declare that the previous rulings of the ex-disqualified Judges, among others, an order of reference and appointing a referee are nullities; (3) to statutorily disqualify/recuse the Judge Cohen, immediately and to stay all proceedings pending the assignment of another Judge out of the 10th Judicial District,

and pending the outcome of the recently amended CPLR 3408(a)-(m).

The branch of the motion (Sequence 021) seeking a new trial, under these circumstances, is academic. The branch of the motion (Sequence 021) seeking to declare that the previous rulings of the ex-disqualified Judges, among others, order of reference and appointing a referee are nullities were previously decided by the Second Department, and is academic, under the circumstances here. (*Bank of New York Mellon v. Izmirligil*, 144 A.D.3d, *supra*). The branch of the motion (Sequence 021) seeking to statutorily disqualify/recuse the Judge Cohen, immediately and to stay all proceedings pending the assignment of another Judge out of the 10th Judicial District is moot due to the order dated December 13, 2016, by the Honorable Michael V. Coccoma, Deputy Chief Administrative Judge for the Courts outside of the City of New York and the Honorable Randall Eng, Presiding Justice of the Appellate Division, Second Judicial Department and the parties' stipulation in 2017. Moreover, the motion (Sequence 021) was enjoined by Justice C. Randall Hinrichs of the Supreme Court of the State of New York, Tenth Judicial District, County of Suffolk in a decision and order dated November 18, 2016, and reiterated in Justice Hinrichs' decision and order dated December 6, 2016.

The plaintiff moves (Sequence 022) for an order appointing a referee to ascertain and compute the amount due to the plaintiff, and to issue a report to the Court regarding the referee's findings pursuant to RPAPL § 1321. This Court determines the plaintiff satisfies the burden for an order appointing a referee to ascertain and compute the amount

due to the plaintiff, and to issue a report to the Court regarding the referee's findings pursuant to RPAPL § 1321. The plaintiff submitted documentary proof showing the defendant defaulted in this action; the plaintiff is the holder of the mortgage and note, as well as proof of the defendant's default as the mortgagor (*see HSBC Bank USA, N.A. v. Alexander*, 124 A.D.3d 838, 4 N.Y.S.3d 47 [2d Dept 2015]). In opposition, the defendant fails to make a satisfactory showing otherwise.

The defendant cross moves (Sequence 023) for an order pursuant to CPLR 3212(b), RPAPL § 1303 and RPAPL § 1304: dismissing the plaintiff's complaint in this action in its entirety, as a consequence of the plaintiff's failure to file the statutorily mandated notices required by RPAPL § 1303 and RPAPL § 1304. This defense motion cross motion is denied as moot, under these circumstances. There is no showing of "subsequent evidence or change of law, or extraordinary circumstances warranting a departure from the law of the case—none of which is present here—the defendant is precluded from having this issue reconsidered" (*Bank of New York Melton v. Izmirligil*, 144 A.D.3d at 1067).

The plaintiff moves (Sequence 024) for an order disallowing certain disbursements sought by the defendant pursuant to CPLR 8404. The defense attorney submitted a bill of costs to the plaintiff's attorney in the amount of $13,120.88 for taxation by the Judgment Clerk of the Supreme Court of the County of Suffolk. The defendant is entitled to $10,040.72 or $13,120.88 minus $2,840.96.

Sixty-five pages of the record on appeal for the 2014 Appeals were copies of those papers filed in the first motion for recusal sequence. However, the defendant abandoned the appellate challenge to an order dated May 20, 2014 (*Bank of New York Mellon v. Izmirligil*, 144 A.D.3d, *supra*). Hence, that abandonment renders those 65 pages of the record on appeal as irrelevant, so $239.20 consisting of a printing cost per page of $3.68 which is subtracted from the defense submission.

In addition, 243 out of 885 pages were copies of those papers filed in the second motion for recusal sequence, 529 pages were copies of those papers filed in the motion for dismissal sequence. The defendant's abandonment of the appellate challenge the appellate challenge rendered 243 out of 885 pages irrelevant and unnecessarily incurred the appellate printing costs for those pages (*Bank of New York Mellon v. Izmirligil*, 144 A.D.3d, *supra*). The defendant did not prevail on a large portion of the 2015 appeals that the defendant did not abandon (*Bank of New York Mellon v. Izmirligil*, 144 A.D.3d, *supra*). The defendant's inclusion of documents, 529 pages, filed in the motion for dismissal sequence within the record on appeal was clearly not required. Hence, 243 pages plus 529 pages equaling 772 pages at a printing cost per page of $3.68 is subtracted from the defense submission. So, the defendant is entitled to $2,840.96 consisting of a printing cost for the 772 pages at $3.68 per page which is subtracted from the defense submission.

The defendant moves (Sequence 025) for an order pursuant to CPLR 6314 and this

Court's inherent common law power, vacating, nunc pro tunc, the "filing injunction" issued by Justice Hinrichs in that Court's decision and order dated November 18, 2016, and reiterated in Justice Hinrichs' decision and order dated December 6, 2016. The defendant also seeks an order declaring that any papers filed in any trial court or an appellate matter between November 18, 2016 and May 25, 2017, by the defendant either acting pro se or through counsel be deemed to have been filed with the approval of this Court.

"Public policy generally mandates free access to the courts. However, a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will [citations omitted]" (*Vogelgesang v. Vogelgesang*, 71 A.D.3d 1132, 1134, 899 N.Y.S.2d 272 [2d Dept 2010]). Here, the record bears an ample basis to continue the orders dated November 18, 2016, and December 6, 2016 with respect to trial court applications in this matter before the Court (*see JP Morgan Chase Bank, N.A. v. Osuji*, 120 A.D.3d 1194, 991 N.Y.S.2d 775 [2d Dept 2014]; *see also Ram v. Torto*, 111 A.D.3d 814, 975 N.Y.S.2d 442 [2d Dept 2013]).

ORDERED that the branch of the defense motion (Sequence 021) is DENIED for a new trial pursuant to CPLR 4403 and pursuant to CPLR 3408(a)-(m) and further to reject the referee's report in the 2009 action, and it is also,

ORDERED that the branch of the defense motion (Sequence 021) is DENIED to declare that the previous rulings of the ex-disqualified Judges, among others, order of

reference and appointing a referee are nullities, and it is also,

ORDERED that the branch of the defense motion (Sequence 021) IS DENIED to statutorily disqualify/recuse the Judge Cohen, immediately and to stay all proceedings pending the assignment of another Judge out of the 10th Judicial District, and pending the outcome of the recently amended CPLR 3408(a)-(m), and it is also,

ORDERED that the plaintiff's motion (Sequence 022) IS GRANTED for an order appointing a referee to ascertain and compute the amount due to the plaintiff, and to issue a report to the Court regarding the referee's findings pursuant to RPAPL § 1321, and it is also,

ORDERED that the defense motion (Sequence 023) is DENIED for judgment dismissing the plaintiff's complaint in this action in its entirety, and it is also,

ORDERED that the plaintiff's motion (Sequence 024) is GRANTED disallowing certain disbursements sought by the defendant pursuant to CPLR 8404, to wit the defense submission of a bill of costs in the amount of $13,120.88 for taxation by the Judgment Clerk of the Supreme Court of the County of Suffolk is reduced to $10, 040.72, and it is also,

ORDERED that the branch of the defense motion (Sequence 025) IS DENIED for an order pursuant to CPLR 6314, and vacating, nunc pro tunc, the "filing injunction" issued by Justice Hinrichs in that Court's decision and order dated November 18, 2016, and reiterated in Justice Hinrichs' decision and order dated December 6, 2016, and it is

further,

     ORDERED that the branch of the defense motion (Sequence 025) is DENIED for an order declaring that any papers filed in any trial court or an appellate matter between November 18, 2016 and May 25, 2017, by the defendant either acting pro se or through counsel be deemed to have been filed with the approval of this Court.

     This decision will constitute the decision and order of the Court.  All applications not specifically addressed are denied.

     So ordered.

Dated:  January 22, 2018

ENTER:

_____

J. S. C.

NON FINAL DISPOSITION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No. 18-CV-7043 (PKC) (LB)

Dr. Arif S. Izmirligil,

Plaintiff,

-against-

Select Portfolio Servicing, Inc.,

Defendants

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF WESTCHESTER      )

Kerry-Ann Morris, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Westchester County, New York.

On July 1, 2019, deponent served the within **LETTER RESPONSE TO PLAINTIFF'S LETTER DATED MAY 25, 2019** upon:

> Dr. Arif S. Izmirligil
> 15 Sailors Court
> Miller Place, NY 11764
> *Pro Se Plaintiff*

**XX**    By depositing a true copy thereof in a post-paid wrapper, in an official depository under the care and custody of the United States Postal Service within the State of New York.

Kerry-Ann Morris

Sworn to before me this 1st of July, 2019.

Nicole A. Grant
NOTARY PUBLIC, State of New York
No. 01GR6250321
Qualified in Dutchess County
Commission Expires: October 24, 2019

{V0529813.1}